IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | Cr. No. 2:13-852 |
| | § | (CA. No. 2:18-130) |
| BRYAN FELIPE CASTILLO, | § | |
|     Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant/Movant Bryan Felipe Castillo's (Castillo) Motion to Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255 (D.E. 47).[1]

## I. FACTS AND PROCEEDINGS

Castillo was arrested in 2013 after Border Patrol agents discovered two bags of a white substance in his pocket. The drugs field tested positive for methamphetamine. Castillo was charged in a single count Indictment with possession with intent to distribute more than 50 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(B). Castillo pled guilty without a plea agreement.

During rearraignment, Castillo testified he was not promised anything in exchange for his guilty plea. The Court advised Castillo of the punishment range of a minimum of five years up to 40 years' imprisonment, at least four years' supervised release, potential fines, and a special assessment of $100. Castillo testified he understood. D.E. 28, pp. 13–14. The Court further informed Castillo of the trial rights available to him. He testified that he understood those rights and understood that if he pled guilty he would be giving up those rights. *Id.*, pp. 16–17.

---

1. Docket entry references are to the criminal case.

The Government provided a factual recitation regarding Castillo's possession of the methamphetamine. Castillo agreed with the Government's rendition of the facts. *Id.*, pp. 23–26. The Court accepted Castillo's guilty plea.

The Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report. Probation determined that Castillo was responsible for 312.00 grams of 100% pure methamphetamine, which resulted in a base offense level of 34. After credit for acceptance of responsibility, his total offense level was 31. Castillo's criminal history category was IV, resulting in a guideline range of 151 to 188 months, with a mandatory minimum sentence of five years.

Sentencing was held in February 2014. Defense counsel argued for a minor role reduction and a reduction based on Castillo's youth (age 21), mental health, and abandonment as a child. The Government argued for a low end Guideline sentence based upon Castillo's criminal history. The Court denied minor role, but sentenced Castillo below the Guidelines to 132 months' imprisonment.

Castillo filed a late notice of appeal, and the Fifth Circuit dismissed his appeal as untimely. The Court later reduced Castillo's sentence to 121 months' imprisonment pursuant to Amendment 782.

## II. MOVANT'S ALLEGATIONS

Castillo's § 2255 motion raises a single ground of relief: he pled guilty to possession of a mixture of methamphetamine, but was sentenced based on ICE, which has a harsher sentencing penalty. He states he did not understand the distinction at sentencing.

## III. DISCUSSION

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct her sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Procedural Bar

For the first time in this proceeding, Castillo raises his complaint that the Court erred by sentencing him based upon the ICE guidelines range rather than the guidelines for less than 80% purity. A defendant may not raise an issue for the first time on collateral review without first showing "cause" for the procedural default and "actual prejudice" resulting from the error. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). The cause and prejudice standard presents a "significantly higher hurdle" than the plain error standard applied on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

Castillo does not address the cause requirement. He bases his argument on the Court's inquiry to the Government at rearraignment as to whether the case involved a mixture containing a detectable amount of methamphetamine. However, the Indictment to which Castillo pled guilty states in part: "This violation involved more than fifty (50) grams of a mixture or substance containing methamphetamine, that is, approximately 312 and ninety-nine hundredths (312.99) (gross weight) grams of a mixture or substance containing methamphetamine." D.E. 6. ICE is

3

defined as "a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity." U.S.S.G. § 2D1.1(C). The calculation of Castillo's sentence is consistent with the terms of both his Indictment and the Sentencing Guidelines Manual.

Moreover, Castillo's complaint about the Court's technical interpretation of the Sentencing Guidelines is not proper subject for a § 2255 motion. *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255."). Instead, his claim could have been raised on appeal. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) ("Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding."). Castillo's claim that the Court erred in interpreting the Sentencing Guidelines is both procedurally barred and not cognizable in these proceedings.

### C. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f). The Fifth Circuit and the Supreme Court hold that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Castillo's judgment was entered on February 21, 2014. His conviction became final on March 8, 2014, after the expiration of the 14-day period in which to file a notice of appeal. FED. R. APP. P. 4(b)(1). Castillo was required to file his motion to vacate no later than March 8, 2015. Castillo's motion is signed and dated May 1, 2018, over three years too late.

Castillo seeks to excuse his late filing by stating that he was ignorant of sentencing law. Ignorance of the effect of the Sentencing Guidelines does not provide a basis for equitable tolling. *See Alexander v.* Cockrell, 294 F.3d 626, 629 (5th Cir. 2002) ("[I]gnorance of the law,

4

even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."). Castillo's motion is time-barred as well as procedurally barred.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Castillo has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Castillo is not entitled to a COA

on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Castillo's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (D.E. 47). He is also **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 22nd day of May, 2018.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE